### HILL AND WIFE V. CROWNOVER.

Where it does not appear from the record whether certain instructions asked for were given or refused, they will not be considered by this court.
Where there is no statement of facts, nor anything in the record by which it may be seen whether instructions which were asked for and refused were relevant to the evidence or not, the ruling of the court in refusing such instructions will not be revised.   (Note 2.)

Error from Fayette.   This was a suit brought by the defendant in error to recover of the plaintiffs in error the possession of a tract of land, the former claiming the title by virtue of a purchase at a sheriff's sale, at which the land was sold by the sheriff as the property of and to satisfy an execution against the said Warren J. Hill, and the plaintiffs in error claimed title by virtue of a conveyance to the wife from the former proprietor.   The petition contains a statement of the plaintiff's title and the claim of the defendants, and an allegation that at the time of the purchase by the plaintiff at sheriff's [9] sale

4

Osborn v. Cummings.

the said land was the property of the husband, the said Warren J. Hill. There is in the record a notice from the plaintiff to the defendants to produce at the trial the deed under which the defendants claim title, and a deed is accordingly set out answering to that described in the notice to produce, it being a deed from one John Rabb, and purporting, in consideration of the sum of $1,000, to convey the land in question to the wife, Sibby Hill, and the heirs of Warren J. Hill. The case was tried at the Fall Term, 1848, and there was a verdict and judgment thereon for the plaintiff. The defendants moved for a new trial, upon the alleged erroneous instructions and rulings of the court at the trial. The motion was overruled. There was also a motion in arrest of judgment overruled, and the defendant gave notice of an appeal, and subsequently brought up the case by writ of error.

*Webb* and *Mayfield*, for plaintiff in error.

*Hamilton*, *Green* and *Hancock*, for defendant in error.

WHEELER, J. For the plaintiffs in error, it is insisted that the court erred in the instructions to the jury, and in overruling the motion for a new trial and the motion in arrest of judgment.

There are in the transcript several propositions which purport to be instructions asked by the plaintiff, but it does not appear whether they were given or refused, or even that they were brought to the attention of the court; and it is manifest, therefore, that they cannot be considered by this court. There are also several propositions which appear to be instructions asked by the defendants and refused; but there is in the record no statement of facts, and nothing by which it may be seen whether these instructions were relevant to the evidence; and in such cases this court has decided that the ruling of the court in refusing instructions will not be the subject of revision. (Holman v. Britton, 2 Tex. R., 297, 301; Id., 305.)

We have no means of revising the judgment of the court overruling the motion for a new trial. It does not appear that the motion presented truly the rulings of the court or the facts on which it assumed to be founded. The causes assigned in its support are wholly unsupported by the record. Nor does there appear any foundation for the objection now urged to the judgment of the court overruling the motion in arrest of judgment; that is, that there were parties in interest not before the court. It does not so appear from the record. We see no error in the judgment, and are of opinion, therefore, that it be affirmed.

Judgment affirmed.

NOTE 2.—Armstrong v. Lipscomb, 11 T., 649; McMahan v. Rice, 16 T., 335; Dalby v. Booth, 16 T., 563; Dever v. Branch, 18 T., 616; Birge v. Wanhop, 23 T., 441; Mann v. Falcon, 25 T., 271.